**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X   Case No. 23-cv-1094

CAROLEE DORNAU,

                                                   **COMPLAINT**

                    Plaintiff,

                  -against-                          **PLAINTIFF**
                                                                                     **DEMANDS A**
NASSAU HEALTH CARE CORPORATION d/b/a  **TRIAL BY JURY**
NUHEALTH and NASSAU UNIVERSITY
MEDICAL CENTER,

                    Defendant.
------------------------------------------------------------------------X

       Plaintiff Carolee Dornau by her attorney, The Law Office of Joshua P. Frank, PLLC, hereby complains of Defendant Nassau Health Care Corporation d/b/a NuHealth and Nassau University Medical Center as follows:

## NATURE OF THE CASE

1. Plaintiff Carolee Dornau complains pursuant to the Age Discrimination in Employment Act of 1967, *as amended*, 29 U.S.C. § 621, *et seq*. ("ADEA") and the New York State Human Rights Law, New York State Executive Law § 296, *et seq*. ("NYSHRL"), seeking damages to redress the injuries she has suffered as a result of being terminated from her employment by the Defendant because of her age (80).

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 626(c) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the Plaintiff's NYSHRL claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that the events giving rise to the claims herein took place within the Eastern District.

## PROCEDURAL PREREQUISITES

5. The Plaintiff filed a Charge of Discrimination, upon which this Complaint is based, with the Equal Employment Opportunity Commission ("EEOC").

6. The Plaintiff received a Notice of Right to Sue from the EEOC, dated February 3, 2023, with respect to the aforementioned Charge.

7. This civil action is being commenced within 90 days of receipt of said Notice.

## PARTIES

8. Plaintiff Carolee Dornau is a resident of the State of New York and Nassau County.

9. Defendant Nassau Health Care Corporation d/b/a NuHealth and Nassau University Medical Center is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the state of New York, with its headquarters located at 2201 Hempstead Turnpike, East Meadow, New York 11554.

10. The Defendant provides hospital care at its facility located at 2201 Hempstead Turnpike, East Meadow, New York 11554.

## MATERIAL FACTS

11. On March 28, 2022, Plaintiff Carolee Dornau commenced employment for the Defendant as a Nurse Case Manager at Nassau University Medical Center.

12. The Plaintiff was hired at a yearly salary of approximately $95,000.00.

13. Upon information and belief, the Plaintiff was hired by Defendant's Director of Social Work and Case Management, Sharon Behar.

14. Ms. Behar exercised supervisory authority over the Plaintiff. She possessed the authority to hire the Plaintiff, affect the terms and conditions of the Plaintiff's employment, and terminate the Plaintiff's employment.

15. However, Ms. Behar made it clear that she harbored a strong discriminatory animus towards the Plaintiff due to the Plaintiff's age (80 years old). Ms. Behar expressed this animus directly to the Plaintiff as well as to the Plaintiff's colleague and fellow Case Manager, Nick Montello.

16. When the Plaintiff began her employment, with over 20 years of experience as a Case Manager, Ms. Behar asked her if she thought she could handle the job, implying concern about Plaintiff's age.

17. During the first few weeks of the Plaintiff's orientation, she did not receive sufficient training because one trainer's accent made it difficult to understand and the other trainer refused to train the Plaintiff.

18. Although the Plaintiff brought her lack of training to Ms. Behar's attention, Ms. Behar failed to take corrective action.

19. Further impeding the Plaintiff's onboarding, Ms. Behar denied Plaintiff's request to have another Case Manager train her even though said Case Manager had volunteered to do so.

20. By the sixth week of Plaintiff's orientation, the Plaintiff was acclimating well to her position.

21. Nonetheless, directly expressing her discriminatory animus to the Plaintiff, Ms. Behar told her in April of 2022, "I don't think you're capable of doing this job at your age, but we'll see."

22. In May of 2022, Ms. Behar abruptly transferred the Plaintiff to the "Psych" Department, which required the Plaintiff to undergo additional training.

23. Furthermore, in May of 2022, Ms. Behar remarked, "I know people in your age bracket have difficulty learning [new things]."

24. In addition, Ms. Behar told Plaintiff's colleague, Mr. Montello, that she was concerned about the Plaintiff's competence because of her age.

25. Mr. Montello, who had an opportunity to become familiar with the Plaintiff's work, vouched for the Plaintiff's competence and productivity.

26. Furthermore, Mr. Montello relayed Ms. Behar's discriminatory remarks to the Plaintiff.

27. Thereafter, during a team meeting, Ms. Behar baselessly asserted that the Plaintiff was performing only 45 – 50% of her work.  In response, Mr. Montello corrected Ms. Behar, indicating that the Plaintiff was carrying a full caseload and completing her tasks.

28. In fact, Ms. Behar admitted to Mr. Montello that she did not have "stats" pertaining to the Plaintiff's productivity in the "Psych" Department.

29. Nonetheless, Ms. Behar remained convinced that the Plaintiff was too old for her job.

30. Subsequently, on June 19, 2022, the Plaintiff and her colleague "Michelle" had trouble with a computer that had been known to have technical problems as recently as the week prior.  Nonetheless, Ms. Behar unfairly scolded the Plaintiff while not saying anything to "Michelle."

31. After expressing her discriminatory hostility for roughly three months, Ms. Behar terminated the Plaintiff's employment on July 1, 2022, effective July 8, 2022.

32. Ms. Behar told the Plaintiff during their meeting that she was incapable of doing her job, which was plainly false.

33. In light of the foregoing, it is evident that Ms. Behar's discriminatory animus towards the Plaintiff, due to Plaintiff's age, motivated her to effect the termination of Plaintiff's employment.

34. The Plaintiff was 80-years-of-age at the time the Defendant terminated her employment.

35. As a result of the acts and conduct complained of herein, the Plaintiff has suffered, and will continue to suffer, the loss of income, bonuses, retirement, health, and other benefits, and other compensation which stemmed from her employment.

36. Furthermore, the Plaintiff has suffered from emotional distress, mental anguish, pain and suffering, loss of enjoyment of life, injury to reputation, and other non-pecuniary losses.

37. The Defendant's unlawful conduct was willful, outrageous, and/or reckless and was undertaken with full knowledge of the law. As such, the Plaintiff demands punitive damages from the Defendant.

### FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE ADEA

38. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

39. This cause of action is instituted pursuant to the ADEA, §§ 621 – 634, for relief based upon the Defendant's discrimination against the Plaintiff on the basis of her age.

40. The ADEA prohibits discrimination in employment based, in whole or in part, upon an employee's age.

41. As alleged in the factual averments of this Complaint, the Defendant violated the ADEA by terminating the Plaintiff's employment due to her age (80).

42. Furthermore, the Defendant willfully violated the ADEA and, therefore, pursuant to 29 U.S.C. § 623, the Plaintiff is entitled to recover double damages from the Defendant.

## SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL

43. The Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint and incorporates same herein.

44. New York State Executive Law § 296 (1)(a) provides that, "It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

45. As alleged in the factual averments of this Complaint, the Defendant violated the NYSHRL by terminating the Plaintiff's employment due to her age (80).

## JURY DEMAND

46. Plaintiff Carolee Dornau hereby requests a trial by jury.

**WHEREFORE**, Plaintiff Carolee Dornau respectfully requests a judgment against the Defendant as follows:

- A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the ADEA and NYSHRL by terminating the Plaintiff's employment due to her age;

- B. Awarding damages to the Plaintiff resulting from the Defendant's unlawful employment practices, and to otherwise make Plaintiff whole for any losses, economic and otherwise, including but not limited to back pay, front pay, and loss of retirement, health, and other benefits, suffered as a result of such unlawful employment practices;

    C.      Awarding the Plaintiff compensatory damages for mental anguish, emotional distress, pain and suffering, and injury to reputation;

    D.      Awarding the Plaintiff double damages and punitive damages;

    E.      Awarding the Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of this action; and

    F.      Awarding the Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Carle Place, New York
        February 9, 2023

                          **THE LAW OFFICE OF**
                          **JOSHUA P. FRANK, PLLC**

                          By:  *Joshua P. Frank*_____
                                **Joshua P. Frank, Esq.**
                                *Attorney for Plaintiff*
                                1 Old Country Road, Suite 385
                                Carle Place, New York 11514
                                (516) 416-4444
                                jfrank@jpfranklaw.com